# EXHIBIT 1

# EXHIBIT 1

THE O'MARA LAW FIRM, P.C.
DAVID C. OMARA
(Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
P: (775) 323-1321
F: (775) 323-4082
E: david@omaralaw.net

THE DIGUISEPPE LAW FIRM, P.C.
RAYMOND M. DIGUISEPPE*
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
P: 910-713-8804
E: law.rmd@gmail.com

FIREARMS POLICY COALITION
ADAM KRAUT*
WILLIAM SACK*
1215 K Street, 17th Floor
Sacramento, CA 95814
P: (916) 596-3492
E: akraut@fpclaw.org
E: wsack@fpclaw.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER PALMER, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>STEPHEN SISOLAK, in his official capacity as Governor of Nevada, *et al.*,<br><br>        Defendants. | Case No.: 3:21-cv-00268 |

**DECLARATION OF BRANDON COMBS**

I, Brandon Combs, am competent to state and declare the following based on my personal knowledge:

1. I am the President of Firearms Policy Coalition, Inc. ("FPC"), a Plaintiff in this action. I am authorized to testify on behalf of FPC as to matters set forth in this Declaration.

2. I have personal knowledge of the facts stated herein, have reviewed the Complaint, Motion for Preliminary Injunction, and Memorandum in Support of the Motion for Preliminary Injunction, and if called as a witness, could competently testify thereto.

3. I have held the elected position of president of FPC since the organization was founded in 2014. As its president, I am duly authorized to act on behalf of the organization.

4. FPC is a non-profit organization incorporated under the laws of Delaware, with a

place of business in Nevada, as well as other states.

5. The purposes of Plaintiff FPC include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom.

6. Plaintiff FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

7. Plaintiff FPC has members within and outside of Nevada.

8. Plaintiff FPC represents its Nevada resident members—who include gun owners, prospective gun owners, and gun self-manufacturers, as well as retailers of NFOs, parts, and firearms, and others—and brings this action on behalf of its Nevada resident members, including the named Plaintiffs herein.

9. Plaintiff FPC's Nevada resident members, including the individual Plaintiffs in this case, have been and will continue to be adversely and directly harmed by Defendants' administration, implementation, and enforcement of the laws, and related regulations, policies, practices, and customs challenged herein and will otherwise remain so adversely and directly affected under the Nevada Ban.

10. Many of Plaintiff FPC's Nevada resident members lawfully acquired unserialized firearm components and firearm construction materials that are commonly possessed by law-abiding citizens in the exercise of their right to self-manufacture firearms for their own self-defense and other lawful purposes.

11. However, FPC's Nevada resident members are mandated to dispossess themselves of all unserialized firearm components, by January 1, 2022, or face criminal prosecution under Section 3 of Nevada's Ban.

12. Many of Plaintiff FPC's Nevada resident members desire to continue to own and possess the now-banned firearm components for lawful purposes, and to not sell or otherwise dispose of them, but they reasonably fear criminal sanction in light of the statutorily mandated dispossession established under Section 3 of Nevada's Ban.

13. Many of Plaintiff FPC's Nevada resident members also desire to acquire additional

NFOs and firearm construction materials otherwise commonly available for purchase and used in the self-manufacturing of firearms for self-defense and other lawful purposes, including those that fall within the definition of "unfinished frames or receivers" under Nevada's Ban, and further desire to self-manufacture additional operable firearms for self-defense and other lawful purposes. However, they are currently prohibited from purchasing or otherwise acquiring any such unfinished receivers or frames under Section 3.5 of the Ban, they are currently prohibited from self-manufacturing any operable unserialized firearms under Section 4, and they are prohibited from ever again possessing, purchasing, transporting, or receiving any such firearms or NFOs under Sections 3 and 5 any time on or after January 1, 2022.

14. Based on this threat of criminal prosecution by and through the Nevada Ban that Defendants are actively enforcing, Plaintiff FPC's Nevada resident members have been prevented from acquiring, possessing, transporting, or receiving NFOs, and from self-manufacturing any additional operable firearms from NFOs, for self-defense and other lawful purposes.

15. Plaintiff FPC reasonably fears the prosecution of its Nevada resident members by and through Defendants' administration, implementation, and enforcement of the laws, regulations, policies, practices, and customs challenged herein.

16. As to all claims made in a representative capacity herein, there are common questions of law and fact that substantially affect the rights, duties, and liabilities of numerous FPC Nevada resident members who knowingly or unknowingly are subject to the Nevada Ban.

I, Brandon Combs, verify that FPC is a Plaintiff named in this action and declare, under penalty of perjury under the law of the State of Nevada, that all the information contained herein is true and correct to the best of my information, knowledge, and belief.

Dated: June 17, 2021

By: _____
BRANDON COMBS

- 3 -