# EXHIBIT 2

# EXHIBIT 2

| | |
|---|---|
| THE O'MARA LAW FIRM, P.C. <br> DAVID C. OMARA <br> (Nevada Bar No. 8599) <br> 311 East Liberty Street <br> Reno, NV 89501 <br> P: (775) 323-1321 <br> F: (775) 323-4082 <br> E: david@omaralaw.net | THE DIGUISEPPE LAW FIRM, P.C. <br> RAYMOND M. DIGUISEPPE* <br> 4320 Southport-Supply Road <br> Suite 300 <br> Southport, NC 28461 <br> P: 910-713-8804 <br> E: law.rmd@gmail.com |

FIREARMS POLICY COALITION
ADAM KRAUT*
WILLIAM SACK*
1215 K Street, 17th Floor
Sacramento, CA 95814
P: (916) 596-3492
E: akraut@fpclaw.org
E: wsack@fpclaw.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER PALMER, *et al.*, <br>   Plaintiffs, <br> v. <br> STEPHEN SISOLAK, in his official capacity as Governor of Nevada, *et al.*, <br>   Defendants. | Case No.: 3:21-cv-00268 |

**DECLARATION OF CHAD MOXLEY**

I, Chad Moxley, am competent to state and declare the following based on my personal knowledge:

1. I am is a resident of Douglas County, Nevada.

2. I am a responsible, peaceable citizen not disqualified from exercising my right to possess firearms and ammunition.

3. I am a retired firefighter.

4. I am a member of Plaintiff FPC.

5. I currently hold a valid Federal Firearms License ("FFL") and a Nevada Concealed Carry Permit.

6. I conduct sales of firearms and constituent firearm parts at local gun shows through my

- 1 -

sole proprietorship, Strategic Supplies, in compliance with all applicable state and federal laws and regulations.

7. On average, I attend two gun shows per month and sell between five and forty unfinished receiver kits that would fall within the new definition of and prohibition against the sale of unserialized "unfinished receivers" under Sections 3 and 3.5 of the new Nevada's Ban.

8. Before the enactment of Nevada's Ban, I had already planned and made arrangements to attend at least six more gun shows before the end of the year, at which I would have otherwise made available for sale and sold firearm components now prohibited from commercial sale under the Ban.

9. I desire to continue making available for sale and would make available for sale to ordinary law-abiding citizens the unserialized firearms component parts and other NFOs targeted by Nevada's Ban, but I am now prohibited from doing so under Section 3.5's ban against any such sales or transfers.

10. Based on this threat of criminal prosecution by and through the Nevada Ban that Defendants are actively enforcing, I am now abstaining from and must continue to abstain from any attempt to sell or transfer any "unfinished frames or receivers" (and all other NFOs that fall within this broad definition) to any ordinary, law-abiding citizen. Consequently, I am forced to suffer lost sales, revenue, and goodwill in my business, and my would-be consumers are concomitantly denied the ability to acquire from me such constituent firearms components in the exercise of their right to self-manufacture firearms for self-defense and other lawful purposes.

11. Further, I lawfully own and possess multiple firearms, both handguns and rifles, that I previously self-manufactured lawfully with unserialized component parts, including Polymer80 kits, precursor AR-15 lower receivers, and/or other NFOs, one or more of which would fall within the new definition of and prohibition against unserialized "unfinished frames or receivers" under Section 3 of Nevada's Ban. Because these firearms were self-manufactured, the completed firearms themselves lack necessarily lack "a serial number issued by a firearms importer or manufacturer," thus falling within the Ban's prohibition against all modern, operable unserialized firearms under Section 5 of AB 286.

12. My lawfully self-manufactured unserialized firearms are of a type commonly possessed by law-abiding citizens for self-defense and other lawful purposes today, including handguns.

13. It is my understanding that I am mandated to dispossess myself of all unserialized firearms I have self-built (or render them "permanently inoperable") by January 1, 2022, or face criminal prosecution under Sections 3 and 5 of AB 286.

14. I desire to continue to own and possess my lawfully self-manufactured unserialized firearm for self-defense and other lawful purposes, and not sell or otherwise dispose of them, but I fear criminal sanction in light of the statutorily mandated dispossession established under Section 5 of Nevada's Ban.

15. I also desire to self-manufacture additional operable firearms for self-defense and other lawful purposes. However, I am currently prohibited from self-manufacturing any operable unserialized firearms under Section 4, and I am prohibited from ever again possessing, purchasing, transporting, or receiving any such firearms under Section 5 any time on or after January 1, 2022.

16. Based on this threat of criminal prosecution by and through Nevada's Ban that Defendants are actively enforcing and will continue to enforce, I am and has been prevented from acquiring, possessing, transporting, or receiving NFOs, and from self-manufacturing any additional operable firearms from NFOs, for personal self-defense and other lawful purposes.

I, Chad Moxley, sole proprietor of Strategic Supplies, verify that I am a Plaintiff named in this action and declare, under penalty of perjury, all the information contained herein is true and correct to the best of my information, knowledge, and belief.

Dated: 6/17/2021

By: /s/ Chad Moxley

CHAD MOXLEY
*Plaintiff*