THE O'MARA LAW FIRM, P.C.
DAVID C. OMARA
(Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
P: (775) 323-1321
F: (775) 323-4082
E: david@omaralaw.net

THE DIGUISEPPE LAW FIRM, P.C.
RAYMOND M. DIGIUSEPPE*
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
P: 910-713-8804
E: law.rmd@gmail.com

FIREARMS POLICY COALITION
ADAM KRAUT*
WILLIAM SACK*
1215 K Street, 17th Floor
Sacramento, CA 95814
P: (916) 596-3492
E: akraut@fpclaw.org
E: wsack@fpclaw.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER PALMER, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>STEPHEN SISOLAK, in his official capacity as Governor of Nevada, *et al.*,<br><br>          Defendants. | Case No.: 3:21-cv-00268<br><br>**PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING SCHEDULE AND CONSIDERATION OF THEIR MOTION FOR PRELIMINARY INJUNCTION** |

    The provisions of Nevada's Ban enacted in AB 286 individually and collectively work to completely prohibit Plaintiffs', Plaintiff FPC's Nevada resident members', and indeed all ordinary law-abiding Nevadans' fundamental constitutional right to possess and self-manufacture arms in common use for lawful purposes including self-defense in the home, and predecessor materials necessary to the construction of self-manufactured arms. Moreover, the confiscatory Ban scheme requires complete dispossession of currently possessed arms and predecessor materials.

    AB 286 was signed into law on June 7, 2021, with some provisions causing Plaintiffs to cease constitutionally protected conduct under pain of criminal sanction taking effect immediately, and all other provisions adding further restrictions and criminal liability effective on January 1, 2022, leaving Plaintiffs and others like them mere months to seek relief or be forced to dispossess

themselves of their constitutionally protected property. Plaintiffs filed their Complaint [ECF No. 1] on June 10, 2021, and Motion for Preliminary Injunction on June 18, 2021.  ECF No. 6.

At the present time, Defendant Joseph Lombardo, through his attorney, has accepted service [ECF No. 5], and Defendant Steven Wolfson, through his counsel, will accept service and will sign the Acceptance of Service upon counsel's return to her office on Monday, June 21, 2021. Counsel also emailed these Defendants' attorneys on June 18, 2021, and requested they agree to the proposed briefing schedule.

Additionally, save and except for Defendant Mindy McKay, counsel has been advised by the process server that all other Defendants, Stephen Sisolak, Aaron Ford, George Togliatti, Daniel Coverley, and Mark Jackson have been personally served on Thursday, June 17, 2021.  It is expected that Mindy McKay would be served today or early next week.  Counsel anticipates obtaining the signed Affidavits of Service by Wednesday and will file them accordingly. Moreover, Plaintiffs have also emailed copies of the complaint to the Nevada Attorney General's Office, through Deputy Solicitor General Greg Zunino, on June 14, 2021, and again to Deputy Solicitor General Craig Newby on June 18, 2021.  Upon the Court rendering a decision on this request, Plaintiffs will provide a copy of the Order to Defendants.

Because this lawsuit involves an expansive, confiscatory ban on the exercise of Plaintiffs' fundamental, individual Second Amendment right to keep and bear arms, the potential forced dispossession of lawfully possessed and constitutionally protected property, and the right to due process of the law and just compensation guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, Plaintiffs respectfully request this Court order expedited briefing and consideration of this motion pursuant to Federal Rule of Civil Procedure 57. While Plaintiffs would prefer an even shorter briefing schedule, Plaintiffs recognize that the filing of this motion will cause the briefing of this motion to occur over the Independence Day holiday, and Plaintiffs wish to be respectful of Defendants' counsels' and the Court's time and attention.  Moreover, the proposed schedule will also allow for all personal service to be completed such that all Defendants could file an opposition, should they choose.

PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING SCHEDULE AND CONSIDERATION OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Thus, Plaintiffs move this Court for an order that requires Defendants to file an Opposition Memorandum no later than Friday, July 2, 2021, and allow Plaintiffs to file their Reply Memorandum no later than Friday, July 9, 2021. Thereafter, if the Court is available, Plaintiffs seek to hold oral argument on the motion during the week of July 12, 2021.

This Motion for Expedited Briefing Schedule and Determination is necessary so this Court can determine the matter and issue an injunction with enough time to prevent enforcement of the challenged laws and the dispossession of Plaintiffs' property, or, alternatively, should the Court deny Plaintiffs' Motion for Preliminary Injunction, allow Plaintiffs sufficient time to seek relief from the Court of Appeals, and should it be necessary, seek relief from the Supreme Court. Without the expedited briefing and decision, Plaintiff will be irreparably harmed because they will have no remedy at law.

DATED:  June 18, 2021                                THE O'MARA LAW FIRM, P.C.


                                                                                /s/ David C. O'Mara
                                        DAVID C. O'MARA, ESQ.

311 E. Liberty Street
Reno, NV 89501
Tel: 775.323.1321

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of The O'Mara Law Firm, P.C. and on this date, the foregoing document was filed electronically *via* the Court's ECF system which provided notification of such filing to counsel of record for all parties.

Dated: June 18, 2021     /s/ Bryan Snyder
                          BRYAN SNYDER