**Marquis Aurbach Coffing**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
  *Attorneys for Defendant,*
  *Joseph Lombardo*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROGER PALMER; CHAD MOXLEY; and, FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> STEPHEN SISOLAK, Governor of Nevada; AARON FORD, Attorney General of Nevada; GEORGE TOGLIATTI, Director of the Nevada Department of Public Safety; MINDY MCKAY, Administrator of the Records, Communications and Compliance Division of the Nevada Department of Public Safety; JOSEPH LOMBARDO, Sheriff of Clark County, Nevada; STEVEN WOLFSON, District Attorney of Clark County, Nevada; DANIEL COVERLEY, Sheriff of Douglas County, Nevada; and MARK JACKSON, District Attorney of Douglas County, Nevada, <br><br> Defendants. | Case Number: 3:21-cv-00268-MMD-WGC |

## DEFENDANT JOSEPH LOMBARDO'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 6)

Defendant Joseph Lombardo, Sheriff of Clark County, Nevada ("Lombardo"), by and through his attorneys of record, Nick D. Crosby, Esq., with the law firm of Marquis Aurbach Coffing, hereby submits his Response to Plaintiffs' Motion for Preliminary Injunction (ECF No. 6).

MAC:14687-369 4395179_1 6/28/2021 2:04 PM

This Response is made and based upon the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed at the time of the hearing in this matter.

Dated this 28th day of June, 2021.

MARQUIS AURBACH COFFING

By: /s/ Nick D. Crosby, Esq.
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant,
Joseph Lombardo*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' lawsuit challenges the constitutionality of AB 286, arguing AB 286 infringes upon the Plaintiffs' Second, Fifth and Fourteenth Amendment rights. The Sheriff does not have a duty to defend the constitutionality of a law, rather, Nevada Revised Statute chapter 228 bestows that obligation upon the Attorney General. Because Plaintiffs served the Attorney General with the Complaint and Motion for Preliminary Injunction, coupled with the statutory duty to defend on the part of the Attorney General, Sheriff Lombardo defers the defense of AB 286 to the Attorney General.

### II. STATEMENT OF RELEVANT FACTS

#### A. THE PARTIES.

Sheriff Joseph Lombardo ("Lombardo") is the duly elected Sheriff of the Las Vegas Metropolitan Police Department ("Department") and Daniel Coverley ("Coverley") is the duly elected Sheriff of Douglas County, whose statutory duties are found in Nevada Revised Statute 248.005 *et seq.* Aaron Ford ("Ford") is the duly elected Attorney General for the State of Nevada, whose statutory duties are found in Nevada Revised Statute 288.010 *et seq.* George Togliatti ("Togliatti") is the Director of the Nevada Department of Public Safety

MAC:14687-369 4395179_1 6/28/2021 2:04 PM

("DPS") and Mindy McKay ("McKay") is the Administrator of the Records, Communication, and Compliance Division of Nevada DPS. Steven Wolfson ("Wolfson") is the duly elected District Attorney for Clark County and Mark Jackson ("Jackson") is the duly elected District Attorney for Douglas County, whose statutory duties are found in Nevada Revised Statute 252.010 *et seq.* Governor Stephen Sisolak ("Sisolak") is the duly elected Governor for the State of Nevada.

Plaintiff Roger Palmer ("Palmer"), according to the Complaint, is a Nevada resident who "owns and possesses multiple unserialized firearms, both handguns and rifles, that he previously self-manufactured lawfully with unserialized component parts...." (ECF No. 1 at ¶ 82). Palmer also possesses "multiple [Non-Firearm Objects] and firearm building kits, which he lawfully acquired before the enactment of [AB 286]." (Id. at ¶ 83).

Plaintiff Chad Moxley ("Moxley") resides in Douglas County, Nevada and currently holds a Federal Firearms License ("FFL"). (Id. at ¶¶ 91 and 95). Moxley sells firearms and "constituent firearm parts at local gun shows...." (Id. at ¶ 96). These parts include "unfinished receiver kits." (Id. at ¶ 97). Further, Moxley, like Palmer, owns and possesses unserialized firearms he self-manufactured. (Id. at ¶ 101).

Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4), organized under the laws of Delaware and does business in Clark County, Nevada. (Id. at ¶ 19). FPC alleges its purpose is to defend and promote "the People's rights – especially the fundamental, individual Second Amendment right to keep and bear arms...." (Id. at ¶ 110). According to the Complaint, FPC pursues its mission through lobbying efforts, "grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs." (Id. at ¶ 111).

### B. THE COMPLAINT.

On June 10, 2021, Plaintiffs Palmer, Moxley and FPC (collectively "Plaintiffs") filed a Complaint for Declaratory, Injunctive, or Other Relief. (ECF No. 1). Plaintiffs named Governor Sisolak, Attorney General Ford, Director Togliatti, Administrator McKay, Sheriff Lombardo, District Attorney Wolfson, Sheriff Coverley and District Attorney Jackson

MAC:14687-369 4395179_1 6/28/2021 2:04 PM

(collectively "Defendants") as defendants. The Complaint challenges the constitutionality of AB 286, which was signed into law by Gov. Sisolak on June 7, 2021. (ECF No. 1, ¶¶ 2-3). Specifically, Plaintiffs allege AB 286 infringes upon the Second, Fifth and Fourteenth Amended rights of the Plaintiffs. (See id. at ¶¶ 3-160).

AB 286 was passed by the Legislature during the last legislative session and generally prohibits a person from possessing, manufacturing or transferring/selling firearms that do not bear a serial number in accordance with federal law, to include unfinished frames or receivers intended to be assembled to complete a firearm. See AB 286, https://www.leg.state.nv.us/App/NELIS/REL/81st2021/Bill/7778/Text# (accessed June 28, 2021). Certain portions of AB 286 became effective upon passage, while others are not effective until January 1, 2022. (See id.)

### III. LEGAL ARGUMENT

Nevada Revised Statute 228.170 provides, in relevant part:

> **NRS 228.170   Commencement or defense of action to protect interest of State; prosecution of prisoners and persons acting in concert with prisoners.**
>
> 1. Except as otherwise provided in NRS 228.111 to 228.1118, inclusive, whenever the Governor directs or when, in the opinion of the Attorney General, to protect and secure the interest of the State it is necessary that a suit be commenced or defended in any federal or state court, the Attorney General shall commence the action or make the defense.
>
> ...

Nev. Rev. Stat. 228.170(1). AB 286 affects all citizens in the State of Nevada, as well as non-residents who engage in activities described therein, and makes criminal certain activities related to firearms. Because the constitutionality of AB 286 is in the "interest of the State[,]" the duty to defend AB 286 lies with the Attorney General and not Sheriff Lombardo. Sheriff Lombardo is not responsible for drafting or passing legislation – rather the Department is responsible for enforcing Nevada's laws and various County ordinances. Given the statutory duties outlined in Nevada Revised Statute 228.170, Sheriff Lombardo defers the defense of AB 286 to the Office of the Attorney General.

MAC:14687-369 4395179_1 6/28/2021 2:04 PM

## IV. CONCLUSION

Nevada Revised Statute 288.170 creates a duty on the part of the Attorney General to defend matters in the interest of the State. Sheriff Lombardo was not responsible for drafting or passing AB 286 and does not have a duty to defend the constitutionality of the same. Because Plaintiffs are challenging the constitutionality of AB 286, and the duty to defend the same lies with the Attorney General, Sheriff Lombardo defers to the Office of the Attorney General for the defense of AB 286.

Dated this 28th day of June, 2021.

MARQUIS AURBACH COFFING

By: /s/ Nick D. Crosby, Esq.
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant,*
*Joseph Lombardo*

MAC:14687-369 4395179_1 6/28/2021 2:04 PM

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT JOSEPH LOMBARDO'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 6)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 28th day of June, 2021.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

David C. O'Mara
The O'Mara Law Firm, P.C.
311 East Liberty Street
Reno, NV  89501
david@omaralaw.net

Raymond M. Diguiseppe, Esq. *(pro hac vice)*
The Diguiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC  28461
law.rmd@gmail.com

Adam Kraut, Esq. *(pro hac vice)*
William Sack, Esq. *(pro hac vice)*
Firearms Policy Coalition
1215 K Street, 17th Floor
Sacramento, CA  95814
akraut@fpclaw.org
wsack@fpclaw.org

*Attorneys for Plaintiffs*

/s/ Suzanne Lee
An employee of Marquis Aurbach Coffing

MAC:14687-369 4395179_1 6/28/2021 2:04 PM