MARK B. JACKSON
Douglas County District Attorney
Zachary J. Wadlé
Deputy District Attorney
Nevada Bar No. 8711
1038 Buckeye Road
P.O. Box 218
Minden, Nevada 89423
Tel: 775-782-9803
Fax: 775-783-6490

*Attorneys for Defendants*
*Daniel Coverley, Sheriff of Douglas County, Nevada*
*Mark Jackson, District Attorney of Douglas County, Nevada*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROGER PALMER, *et al*., | Case No.: 3:21-cv-00268-MMD-WGC |
| Plaintiffs, | **DOUGLAS COUNTY DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
| v. | |
| STEPHEN SISOLAK, in his official capacity as Governor of Nevada, *et al*., | |
| Defendants. | |

**I.    INTRODUCTION**

Defendants Mark B. Jackson, Douglas County District Attorney, and Daniel J. Coverley, Douglas County Sheriff (collectively, the "Douglas County Defendants") move to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure (FRCP) 12(b)(1) because there is no justiciable case or controversy between the parties, and therefore the Court lacks subject matter jurisdiction over Plaintiff's complaint.

Plaintiffs' complaint challenges the constitutionality of Assembly Bill (AB) 286 passed by the Nevada State Legislature during the 2021 Legislative Session, and signed into law by Nevada Governor Stephen Sisolak on June 7, 2021.  AB 286 prohibits certain acts relating to firearms not imprinted with serial numbers – commonly referred to as "ghost guns."

1

The Douglas County Defendants had nothing to do with the passage or enactment of AB 286, and Plaintiffs do not allege any such involvement. The Douglas County Defendants have not, arrested, cited, or prosecuted Plaintiffs for violation of AB 286, and Plaintiffs do not allege any such arrests, citations, or prosecutions. The Douglas County Defendants have not threatened arrest, citation, or prosecution of Plaintiffs for violation of AB 286, and Plaintiffs do not allege any such threatened action. Under these circumstances, Plaintiff's complaint is facially devoid of sufficient facts alleging a valid case or controversy against the Douglas County Defendants that is justiciable by the Court.

## II.  LEGAL STANDARD FOR FRCP 12(b)(1) MOTION

FRCP 12(b)(1) allows for a defendant to move to dismiss a complaint based on lack of subject matter jurisdiction over the matter complained of. Federal courts may adjudicate only actual cases or controversies, and may not render advisory opinions. *Spokeo, Inc. v. Robins (Spokeo II),* 136 S. Ct. 1540, 1547 (2016); U.S. Const. Art. III, § 2. Absent a true case or controversy, a complaint for declaratory relief is subject to dismissal for lack of subject matter jurisdiction. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). Although the defendant is typically the moving party in a FRCP 12(b)(1) motion, plaintiff bears the burden of establishing federal subject matter jurisdiction over plaintiff's complaint. *Kokonen v. Guardian Life Ins. Co. of America*, 511 US 375, 376-78 (1994); *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

"Plausible" jurisdictional facts are required under the *Twombly/Iqbal* plausibility standard. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (*Twombly/Iqbal* applies to facial attacks on subject matter jurisdiction). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, the claim

must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

## III.     RELEVANT COMPLAINT ALLEGATIONS

Plaintiffs' Complaint for Declaratory, Injunctive, or Other Relief (ECF No. 1) broadly alleges that AB 286 violates the 2nd Amendment of the United States Constitution. *See*, ECF No. 1, ¶¶ 1-73. Plaintiffs claim jurisdiction over their complaint pursuant to 28 U.S.C. §§ 1331, 1343, and 1983 due to alleged violations of Plaintiffs' constitutional and civil rights. ECF No. 1, ¶¶ 14-15.

Plaintiffs do not allege any involvement by the Douglas County Defendants in the passage or enactment of AB 286 into law. Specific to the Douglas County Defendants, Plaintiffs solely allege as follows:

- "Defendant Daniel Coverly [sic] is sued in his official capacity as Sheriff of Douglas County, Nevada. As Sheriff of that county, he has the duty to 'keep and preserve the peace' in his county and 'apprehend[] or secur[e] any person for felony or breach of the peace…" in the county. NRS § 248.090. Defendant Coverly's [sic] ongoing enforcement of the Nevada Ban against Douglas County residents places Plaintiff Moxley under imminent threat of arrest should he violate any of its restrictions, thereby depriving him of his fundamental constitutional right to keep, bear, and self-manufacture arms under the Second Amendment of the United States Constitution, as alleged herein." Complaint (ECF No. 1), ¶ 26.

- "Defendant Mark Jackson is sued in his official capacity as District Attorney of Douglas County, Nevada. As District Attorney of that county, he is the 'public prosecutor," NRS § 252.090, with the duty to '[a]ttend the district courts in his … county, for the transaction of criminal business." *Id.* at 252.90(1) [sic], '[a]ttend justice courts in his county, when required by justices of the peace, and conduct all prosecutions on behalf of the people for public offenses,' *id.* at 252.90(2) [sic]. Defendant Jackson's ongoing enforcement of the Nevada Ban against Douglas County residents, through the discharge of his duty to prosecute alleged violations of the Ban, places Plaintiff Moxley under imminent threat of prosecution and criminal sanction should he violate any of its restrictions, thereby depriving him of his fundamental constitutional right to keep, bear, and self-manufacture arms under the Second Amendment of the United States Constitution, as alleged herein." Complaint (ECF No. 1), ¶ 27.

Plaintiffs generally claim "reasonable fears [of] criminal prosecution" (ECF No. 1, ¶ 86, 104, 120), and a "threat of criminal prosecution" (ECF No. 1, ¶ 88, 106) as a result of the passage of AB 286. Without any detail, Plaintiffs claim that all Defendants "are actively enforcing and will continue to enforce" the requirements of AB 286 (ECF No. 1, ¶ 88, 106), and that "Defendants' active

administration, implementation, and enforcement of the Ban and the related regulations, policies, practices and customs designed to implement and enforce the same, has violated and will continued to violate unless and until enjoined, the fundamental individual right to keep and bear arms…" (ECF No. 1, ¶ 108, 122). Plaintiffs fail to allege any specific facts regarding active, threatened, or continued law enforcement or prosecution activity by the Douglas County Defendants against Plaintiffs relating to AB 286.

### IV. PLAINTIFFS' GENERALIZED CLAIMS OF FEAR OR THREAT OF PROSECUTION DO NOT CREATE A JUSTICIABLE CASE OR CONTROVERSY AGAINST THE DOUGLAS COUNTY DEFENDANTS

The judicial power of the United States "extends only to 'Cases' and 'Controversies[.]'" *Spokeo, Inc. v. Robins (Spokeo II),* 136 S. Ct. 1540, 1547 (2016); United States Constitution, Art. III, § 2. "To satisfy Article III's requirement of a "case or controversy," a plaintiff must establish standing by showing '(1) an injury in fact that (2) is fairly traceable to the challenged conduct and (3) has some likelihood of redressability.'" *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 908 (9th Cir. 2011) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Before a case is justiciable in federal court, it must be alleged that the plaintiff is threatened by injury that is "both 'real and immediate,' (and) not 'conjectural' or 'hypothetical.' " *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675 (1974).

Neither the mere existence of a proscriptive statute nor a generalized threat of prosecution under the statute satisfies the "case or controversy" requirement. *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126–27 (9th Cir. 1996). In *San Diego County Gun Rights Comm.*, the plaintiffs failed to allege a justiciable case or controversy based upon a generalized threat of prosecution under the Violent Crime Control and Law Enforcement Act of 1994 enacted by Congress. As stated by the Court in *San Diego County Gun Rights Comm.*:

> Plaintiffs next contend that they suffer a threat of being prosecuted under the Crime Control Act. Plaintiffs argue that because they intend to engage in conduct beyond Congress's authority to regulate under the Commerce Clause, but proscribed by the Crime Control Act, they " 'should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.' " *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2309, 60 L.Ed.2d 895 (1979) (quoting *Doe v. Bolton,* 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973)). To assert standing on this basis, however, plaintiffs must show a "*genuine* threat of *imminent* prosecution" under the Crime Control Act. *Washington Mercantile Ass'n v. Williams,* 733 F.2d 687, 688 (9th

Cir.1984) (emphasis added); *see also Darring v. Kincheloe,* 783 F.2d 874, 877 (9th Cir.1986) ( "an 'imaginary or speculative' fear of prosecution is not enough") (citation omitted); *Stoianoff,* 695 F.2d at 1223 ("a plaintiff must demonstrate a genuine threat that the allegedly unconstitutional law is about to be enforced against him"). Significantly, the mere "possibility of criminal sanctions applying does not of itself create a case or controversy." *Boating Industry Ass'ns v. Marshall,* 601 F.2d 1376, 1385 (9th Cir.1979) (citations omitted).

*San Diego Cty. Gun Rts. Comm.* at 1126.

In *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134 (9th Cir. 2000), the Court identified three factors to consider to determine whether a "genuine threat of imminent prosecution" exists:

> In evaluating the genuineness of a claimed threat of prosecution, we look to whether the plaintiffs have articulated a "concrete plan" to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute.

*Id.* at 1139.

Plaintiffs' complaint does not allege a viable case or controversy against the Douglas County Defendants, and Plaintiffs have not met their burden to establish subject matter jurisdiction over the Douglas County Defendants in this matter. The Douglas County Defendants did not enact AB 286, and did not commit any act that caused Plaintiffs' alleged harm. Plaintiffs fail to allege a genuine claimed threat of prosecution by the Douglas County Defendants for violation of AB 286 under the three factors articulated in *Thomas v. Anchorage Equal Rts. Comm'n*. Assuming *arguendo* that Plaintiffs allege a "concrete plan" to violate AB 286 by detailing their previous conduct (see e. g. ECF No. 1, ¶¶ 74-87, 90-103, 109-118), and claiming that they wish to continue such conduct, there are insufficient facts alleged against the Douglas County Defendants to satisfy the remaining two factors. There is no allegation that the Douglas County Defendants communicated a specific warning or threat to initiate proceedings against Plaintiffs for violation of AB 286. There is also no allegation of a history of past prosecution or enforcement by the Douglas County Defendants of AB 286, or another comparable statute. There are no such allegations, because no factual basis exists to make any such allegations against the Douglas County Defendants.

Plaintiffs' allegations as to the Douglas County Defendants are solely limited to a recitation of the Douglas County Defendants' statutory duties under Nevada law by virtue of their official positions as the Douglas County Sheriff and the Douglas County District Attorney. These official positions

Douglas County District Attorney
Post Office Box 218
Minden, Nevada 89423
(775) 782-9803 Fax (775) 783-6490

appear to be the only reason Plaintiffs named the Douglas County Defendants in their complaint, not any actual conduct by the Douglas County Defendants that (allegedly) harmed Plaintiffs. This is insufficient to create a "case or controversy" against the Douglas County Defendants that is justiciable by this Court.

## V. CONCLUSION

Plaintiffs' complaint is facially deficient to establish a valid case or controversy and resulting subject matter jurisdiction over the Douglas County Defendants. The dispute in this matter is between the Plaintiffs and the State of Nevada actors who enacted AB 286 into law, not the Douglas County Defendants. The Douglas County Defendants respectfully request the Court to dismiss Plaintiffs' complaint against them.

DATED this 9th day of August, 2021.

MARK B. JACKSON
Douglas County District Attorney

By: /s/ Zachary Wadlé
　　Zachary J. Wadlé
　　1038 Buckeye Road
　　PO Box 218
　　Minden, Nevada 89423
　　Tel: 775-782-9803
　　Fax: 775-783-6490
　　zwadle@douglas.nv.gov

*Attorneys for Defendants*
*Daniel Coverley, Sheriff of Douglas County, Nevada*
*Mark Jackson, District Attorney of Douglas County, Nevada*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Douglas County District Attorney's Office, and that on this 9th day of August, 2021, the foregoing **DOUGLAS COUNTY DEFENDANTS' MOTION TO DISMISS COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requesting electronic notice.

                                              /s/ Zachary Wadlé