# EXHIBIT 1

# EXHIBIT 1

1  Case No. 21-CV-00690

2  Dept. No. I

3  The undersigned affirms that this document
   does not contain the social security number
4  of any individual.

FILED

2021 JUL 16 PM 2:41



andrea andersen

6           IN THE THIRD JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                          IN AND FOR THE COUNTY OF LYON

8  POLYMER80, INC.,

9           Plaintiff,

10

11    vs.

12 STEPHEN SISOLAK, Governor of Nevada, AARON
   FORD, Attorney General of Nevada, GEORGE
13 TOGLIATTI, Director of the Nevada Department
   of Public Safety, MINDY MCKAY, Administrator
14 of the Records, Communications, and Compliance
15 Division of the Nevada Department of Public
   Safety,
16

17          Defendants.

18

19                    **ORDER GRANTING PRELIMINARY INJUNCTION**

20       This Court, having reviewed and considered Plaintiff Polymer80, Inc.'s (i) *Verified*

21 *Complaint*, (ii) Plaintiff Polymer80, Inc.'s *Motion for Temporary Restraining Order and Preliminary*

22 *Injunction*, (iii) *Defendants' Opposition to Application for Temporary Restraining Order*, and (iv) the

23 *Reply Memorandum of Points and Authorities of Polymer80, Inc. in Further Support of Its Motion*

24 *for Temporary Restraining Order*, and having considered the exhibits thereto and the arguments

25 therein, and having conducted a hearing on July 14, 2021 on Plaintiff Polymer80, Inc.'s *Motion for*

26 *Temporary Restraining Order and Preliminary Injunction* and having heard oral argument from

27 counsel for Plaintiff Polymer80, Inc. and Defendants, and good cause appearing,

28

1  IT IS HEREBY ORDERED that Plaintiff Polymer80, Inc.'s *Motion for Temporary Restraining Order and Preliminary Injunction* is GRANTED in PART and DENIED in PART for the reasons set forth herein. Specifically, Plaintiff Polymer80, Inc.'s *Motion for Temporary Restraining Order and Preliminary Injunction* is GRANTED as to Section 3.5 of AB 286, and for the reasons stated herein, the State of Nevada and Defendants STEPHEN SISOLAK, Governor of Nevada, AARON FORD, Attorney General of Nevada, GEORGE TOGLIATTI, Director of the Nevada Department of Public Safety, MINDY MCKAY, Administrator of the Records, Communications, and Compliance Division of the Nevada Department of Public Safety, are hereby preliminarily enjoined from enforcing Section 3.5 of AB 286 during the pendency of this lawsuit and a ruling on Polymer80, Inc.'s claims for relief.

A preliminary injunction is proper when a party can show a reasonable likelihood of success on the merits of its claims and that irreparable harm will occur, for which compensatory damages is an inadequate remedy, in the absence of preliminary injunctive relief. *See, e.g., Dangberg Holdings Nevada, LLC v. Douglas County*, 115 Nev. 129, 142 (1999). Here, Plaintiff Polymer80, Inc. has met this burden. Additionally, the public interests at stake and a balancing of hardships between the parties warrants preliminary injunctive relief. *See Clark Co. School Dist. v. Buchanan*, 112 Nev. 1146, 1150 (1996) (court may weigh the public interest and relative hardships of the parties in determining whether a preliminary injunction should be granted).

Turning first to whether Polymer80, Inc. has demonstrated a likelihood of success on the merits of its claims, the Court finds that it has. Polymer80, Inc. ultimately seeks a declaratory judgment from this Court, declaring that AB 286 violates the Nevada Constitution's Due Process Clause because the statute is unconstitutionally vague, and a permanent injunction, permanently enjoining the Defendants from enforcing AB 286. At this stage of these proceedings and based on the record before this Court, Polymer80, Inc. has demonstrated a likelihood of succeeding on these claims because AB 286 – a criminal statute that under Nevada law requires a heightened level of scrutiny – and particularly AB 286's definition of "Unfinished Frame or Receiver" is impermissibly vague.

"A criminal statute can be invalidated for vagueness (1) if it fails to provide a person of ordinary intelligence fair notice of what is prohibited; or (2) if it is so standardless that it authorizes

or encouraged seriously discriminatory conduct." *Scott v. First Jud. Dist. Ct.*, 131 Nev. 1015, 1021 (2015) (quotations omitted). Here, the Court finds, at this juncture, that AB 286 fails to provide a person of ordinary intelligence fair notice of what AB 286 criminalizes and encourages discriminatory, criminal enforcement because the definition of "Unfinished Frame or Receiver" in Section 6.9 of AB 286 is inherently vague due to the use of undefined terms, such as "blank", "casting", and "machined body", and amorphous words and phrases – that are similarly not defined – such as "additional machining" and "machined to the point at which most of the major machining operations have been completed." In fact, it is unclear, on the current record, as to what the Nevada Legislature meant by the words "blank", "casting", and "machined body", as those words are used in AB 286. Moreover, Defendants, at the hearing on Polymer80, Inc.'s motion, made reference to a manufacturing continuum on which a "blank", "casting", or "machined body" is turned into a frame or lower receiver of a firearm, but, at the hearing, Defendants could not identify where on that continuum AB 286 comes into play (i.e., at what point during the machining process an item, such as a blank, becomes unlawful and subject to criminal prosecution). Therefore, Polymer80, Inc. has demonstrated a reasonable likelihood of success on its claim that AB 286 is unconstitutionally vague due to the ambiguities that permeate AB 286's definition of "Unfinished Frame or Receiver."

The Court also finds that Nevada Legislature only adopted limited definitions from Federal Law when it adopted AB 286. The Nevada Legislature presumably did so purposely, creating additional ambiguity in AB 286. Thus, this Court declines the Defendants' invitation to fill holes in AB 286 by looking to Federal Law when the Nevada Legislature only incorporated Federal Law into AB 286 in specific limited instances.

Turning to the issue of irreparable harm, the Court first notes that Section 3.5 of AB 286 criminalizes the sale or transfer of an "unfinished frame or receiver" and this portion of AB 286 is currently in effect. Polymer80, Inc. has sufficiently demonstrated to this Court that it has standing to facially challenge AB 286 and will suffer irreparable harm in the absence of preliminary injunctive relief because Section 3.5 of AB 286 renders Polymer80, Inc. unable to conduct its business without the threat of criminal prosecution. The inability of a company like Polymer80, Inc. to conduct its

business without the threat of unreasonable interference or the destruction of the business is the type of irreparable harm that warrants preliminary injunctive relief. *See Sobol v. Capital Mgmt. Consultants, Inc.*, 102 Nev. 444, 446 (1986); *see also Finkel v. Cashman Prof'l, Inc.*, 128 Nev. 68, 73 (2012). The Court also notes that the harm Polymer80, Inc. would suffer due to its inability to conduct its business in the face of AB 286 is immeasurable, underscoring the Court's finding that Polymer80, Inc. has sufficiently demonstrated irreparable harm to warrant a preliminary injunction.

Defendants maintain that Polymer80, Inc. can simply serialize its products to avoid the harm it claims it will suffer as a result of the enactment of AB 286. The Court finds this argument unconvincing initially because the Nevada Legislature did not include any such language or provision in AB 286. Moreover, the argument is belied by the plain language that the Nevada Legislature did include in AB 286. Section 3.5 of AB 286 criminalizes the sale of an "unfinished frame or receiver unless … [t]he unfinished frame or receiver ***is required by federal law*** to be imprinted with a serial number." (emphasis added). Thus, unless Federal Law requires the unfinished frame or receiver (whatever that may be) to be imprinted with a serial number, Polymer80, Inc. can find no safe haven under AB 286 by simply placing a serial number on its products that Federal Law does not require.

Finally, the Court finds that public interests weigh in favor of issuing a preliminary injunction pending the trial in this matter due to the ambiguity in AB 286, which is, once again, a criminal statute. Additionally, the balance of hardships weighs decidedly in favor of Polymer80, Inc. because the Defendants will only be preliminary enjoined from enforcing Section 3.5 of AB 286 during the pendency of this matter and until this matter proceeds to verdict, during which time Polymer80, Inc., as explained above, will face irreparable harm in the absence of a preliminary injunction.

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that Plaintiff Polymer80, Inc.'s *Motion for Temporary Restraining Order and Preliminary Injunction* is GRANTED in PART and DENIED in PART.

1  IT IS HEREBY FURTHER ORDERED that the State of Nevada and Defendants STEPHEN SISOLAK, Governor of Nevada, AARON FORD, Attorney General of Nevada, GEORGE TOGLIATTI, Director of the Nevada Department of Public Safety, MINDY MCKAY, Administrator of the Records, Communications, and Compliance Division of the Nevada Department of Public Safety, and their respective officers, agents, servants, and employees and anyone acting in concert with them, individually or collectively, are hereby preliminarily enjoined from enforcing Section 3.5 of AB 286 during the pendency of this lawsuit.

The Court declines to enter a preliminary injunction with respect to the enforcement of Section 3 of AB 286 because that portion of AB 286 does not take effect until January 1, 2022. However, to the extent this matter does not proceed to trial as scheduled before January 1, 2022, Polymer80, Inc. may renew its request for a preliminary injunction with respect to the enforcement of Section 3 of AB 286.

IT IS HEREBY FURTHER ORDERED that this Order only applies to the enforcement of Section 3.5 of AB 286 and shall not preclude or prohibit the enforcement of other sections of AB 286 that are now in effect or may take effect in the future.

IT IS HEREBY FURTHER ORDERED, pursuant to NRCP 65(c), that Plaintiff Polymer80, Inc. shall post security with the Court in the amount of $20,000.00 (Twenty Thousand Dollars) on or before July 16, 2021, and that this Order shall only take effect upon the posting of this security. The Court finds that security in the amount of $20,000.00 (Twenty Thousand Dollars) is sufficient to pay the costs and damages that may be sustained, if any, by the Defendants if it is ultimately determined they have been wrongfully enjoined pending trial.

DATED this 16th day of July, 2021.

JOHN P. SCHLEGELMILCH
DISTRICT JUDGE