# EXHIBIT 1

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER PALMER, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>STEPHEN SISOLAK, in his official capacity as Governor of Nevada, *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 3:21-cv-00268<br><br>**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON LIMITED REMAND** |

### **[PROPOSED] FINDINGS OF FACT AND CONCUSIONS OF LAW**

This Honorable Court, having considered the parties' points and authorities, supporting evidence, and other pertinent aspect of the record before the Court, makes the following findings and conclusions concerning the challenged statutes, regulations, and related policies, practices, and customs as defined and described in the Complaint (hereinafter the "challenged laws"):

1. The plain text of the Second Amendment covers the conduct in which Plaintiffs seek to engage and in which they would engage but for the challenged laws—to acquire, possess, and use non-firearm objects (or "NFOs" as that term is defined in the Complaint) (and, for Moxley and those similarly situated Nevada-resident members of Plaintiff Firearms Policy Coalition, to make NFOs available for lawful sale to law-abiding customers) for purposes of self-manufacturing arms in common use for self-defense and other lawful purposes, in particular semiautomatic handgun and AR-15 style rifles, and to then possess and use such arms for those purposes;

2. At no point during the relevant historical period were ordinary, law-abiding citizens prohibited on pain of criminal sanction from acquiring, possessing, or using any NFOs to self-manufacture firearms in common use for self-defense or other lawful purposes;

3. At no point during the relevant historical period were ordinary, law-abiding citizens prohibited on pain of criminal sanction from acquiring, possessing, or using for self-defense or other lawful purposes firearms that they had self-manufactured with NFOs;

4. When " 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances,' " the challenged laws are not " 'relevantly similar' to laws that our tradition is understood to permit" based on "[w]hy and how the regulation burdens the [Second Amendment] right." *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889, 1898 (2024) (quoting *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 29 (2022));

5. The challenged laws are therefore not "consistent with the Nation's historical tradition of firearm regulation.' " *Rahimi*, 144 S. Ct. at 1896 (quoting *Bruen*, 597 U.S. at 24);

6. Because Nevada cannot carry its burden here, the challenged laws are unconstitutional under the Second Amendment. *See Bruen*, 597 U.S. at 34 ("Only if respondents carry that burden can they show that the pre-existing right codified in the Second Amendment, and made applicable to the States through the Fourteenth, does not protect petitioners' proposed course of conduct.");

7. Plaintiffs have accordingly stated a plausible case for relief, compelling reversal of the previous dismissal of their Second Amendment claim under Rule 12(b)(6). *See Butcher v. City of Marysville*, 398 F.Supp.3d 715, 722 (E.D. Cal. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("Rule 12(b)(6)'s plausibility standard 'is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully.' "); and

8. Because Defendants cannot carry their burden of proof that the challenged laws are consistent with the Nation's historical tradition of firearm regulation, Plaintiffs are entitled to a preliminary injunction against any further enforcement of the challenged laws pending resolution of the merits.

**IT IS HEREBY ORDERED.**

Dated this ____ day of _____, 2024.

_____
DISTRICT COURT JUDGE