*EXHIBIT 2*

*Response to Defendants' First Interrogatories to Plaintiff Roger Palmer*

THE O'MARA LAW FIRM, P.C.
DAVID C. OMARA
(Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
P: (775) 323-1321
F: (775) 323-4082
E: david@omaralaw.net

THE DIGUISEPPE LAW FIRM, P.C.
RAYMOND M. DiGUISEPPE*
116 N. Howe Street, Suite A
Southport, NC 28461
P: 910-713-8804
E: law.rmd@gmail.com
*Admitted Pro Hac Vice

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROGER PALMER; CHAD MOXLEY; and FIREARMS POLICY COALITION, INC, <br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN SISOLAK, Governor of Nevada; AARON FORD, Attorney General of Nevada; GEORGE TOGLIATTI, Director of the Nevada Department of Public Safety; MINDY MCKAY, Administrator of the Records, Communications, and Compliance, Division of the Nevada, Department of Public Safety;<br><br>Defendants. | Case No.: 3:21-cv-00268-MMD-CSD<br><br><br><br>**RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF ROGER PALMER** |

**INTERROGATORY NO. 1:**

Please provide Your understanding of whether it is possible in Nevada to lawfully add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver, and if so, how and under what circumstances.

**ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Palmer further objects on the ground that this interrogatory calls for a legal conclusion. A layperson opinion about what Nevadans

1  may "lawfully" do is also irrelevant and immaterial because Defendants, who are charged
2  with enforcing the challenged provisions of AB 286, themselves have taken the position
3  in their publicly filed documents in this case that, in light of AB 286, the *only* firearms
4  and constituent parts now legal in Nevada are "*pre*-serialized" firearms and unfinished
5  frames and receivers—i.e., those *already* "imprinted with a serial number issued by a
6  firearms importer or manufacturer in accordance with federal law"—absent narrow
7  exceptions largely unavailable to the average person like Plaintiff Palmer. 9th Cir. Ans.
8  Brf. at 18-19. Similarly, Defendants themselves characterize the effect of the law at issue
9  as permitting ordinary, law-abiding Nevadans to self-manufacture firearms only "as long
10 as they start with a *serialized* receiver." *Id.* at 18-19, & n. 9 (italics added). Ultimately, as
11 Defendants themselves have put it, AB 286 simply "bans unserialized firearms, no matter
12 their provenance," *id.* at 8, while providing no mechanism for ordinary, law-abiding
13 citizens Nevadans to comply with background-check and recordkeeping requirements as
14 a condition to lawfully self-manufacturing a firearm or as a condition to keeping one
15 lawfully self-manufactured under the prior law, *id.* at 18-19.
16       Without waiving any of the same objections, Plaintiff Palmer responds as follows:
17 My understanding is that it is not possible for ordinary, law-abiding Nevadans to lawfully
18 add a serial number to a self-manufactured unserialized firearm and/or unfinished frame
19 or receiver, and thus I believe there are no circumstances under which such a person may
20 lawfully do so.

21 **INTERROGATORY NO. 2:**

22       Have You ever attempted to add a serial number to a self-manufactured
23 unserialized firearm and/or unfinished frame or receiver? If so, please identify when,
24 where, and how such attempt was made and if such attempt was successful.

25 **ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely
26 according to the district court's scheduling order that established a "cut-off" date of
27 March 20, 2024, for all fact discovery. Plaintiff Palmer further objects that this
28 interrogatory is compound. Plaintiff Palmer further objects that this interrogatory seeks

information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record.

Without waiving any of the same objections, Plaintiff Palmer responds as follows: I have made no attempts to personally add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver and, as stated in response to Interrogatory No. 1, my understanding is that it is not possible for ordinary, law-abiding Nevadans to lawfully do so after the enactment of AB 286.

**INTERROGATORY NO. 3:**

Please provide Your understanding of whether it is possible in Nevada to lawfully obtain serialized self-manufacturing and/or self-assembly firearm kits, and if so, how and under what circumstances.

**ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Palmer further objects on the ground that this interrogatory calls for a legal conclusion. A layperson opinion about what Nevadans may "lawfully" do is also irrelevant and immaterial because Defendants, who are charged with enforcing the challenged provisions of AB 286, themselves have taken the position in their publicly filed documents in this case that, in light of AB 286, the *only* firearms and constituent parts now legal in Nevada are "*pre*-serialized" firearms and unfinished frames and receivers—i.e., those *already* "imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law"—absent narrow exceptions largely unavailable to the average person like Plaintiff Moxley. 9th Cir. Ans. Brf. at 18-19. Similarly, Defendants themselves characterize the effect of the law at issue as permitting ordinary, law-abiding Nevadans to self-manufacture firearms only "as long as they start with a *serialized* receiver." *Id.* at 18-19, & n. 9 (italics added). Ultimately, as Defendants themselves have put it, AB 286 simply "bans unserialized firearms, no matter their provenance," *id.* at 8, while providing no mechanism for ordinary, law-abiding citizens Nevadans to comply with background-check and recordkeeping requirements as

a condition to lawfully self-manufacturing a firearm or as a condition to keeping one lawfully self-manufactured under the prior law, *id.* at 18-19.

Without waiving any of the same objections, Plaintiff Palmer responds as follows: My understanding is that it is not possible for ordinary, law-abiding Nevadans to lawfully obtain serialized self-manufacturing and/or self-assembly firearm kits, and thus I believe there are no circumstances under which such a person may lawfully do so.

**INTERROGATORY NO. 4**:

Have You ever attempted to obtain serialized self-manufacturing and/or self-assembly firearm kits? If so, please identify when, where, and how such attempt was made and if such attempt was successful.

**ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Palmer further objects that this interrogatory is compound. Plaintiff Palmer further objects that this interrogatory seeks information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record.

Without waiving any of the same objections, Plaintiff Palmer responds as follows: About a year ago, when the state court injunction against AB 286 in *Polymer80 v. Sisolak* was still in effect, I placed an order with Polymer80 to obtain such a kit. However, the order was never fulfilled, so I did not obtain the kit, and I have not attempted to obtain any other kits.

**INTERROGATORY NO. 5:**

Please identify, consistent with the Ninth Circuit Order, the "multiple uncompleted NFOs [Non-Firearm Objects] and firearm building kits," which You "lawfully acquired before enactment of" A.B. 286, Complaint, ¶ 83, and state whether You intend to complete these NFOs and firearm building kits.

**ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of

1  March 20, 2024, for all fact discovery. Plaintiff Palmer further objects that this
2  interrogatory seeks information beyond the scope of the information as to which the
3  Ninth Circuit has remanded the case for purposes of developing a historical and factual
4  record. This interrogatory is also objectionable as being compound. Further, the
5  Complaint and Plaintiff Palmer's declaration in support of Plaintiffs' Motion for
6  Preliminary Injunction (Dkt. No. 6-3) already explain that "[o]ne or more of these
7  components would fall within the new definition of and prohibition against unserialized
8  'unfinished frames or receivers' under Nevada's Ban," Compl. ¶ 83, that these "NFOs are
9  also commonly possessed by law-abiding citizens in the exercise of their right to self-
10 manufacture such firearms for self-defense and other lawful purposes," Dkt. No. 6-3 ¶ 10,
11 and that Plaintiff Palmer is therefore "mandated to dispossess [him]self of the
12 unserialized NFOs" to avoid the risk of criminal sanction, *id.* at ¶ 11, but that he would
13 otherwise "continue to own and possess my lawfully self-manufactured unserialized
14 firearms and NFOs for self-defense and other lawful purposes, *id.* at ¶ 12, which
15 information is adequately responsive to this interrogatory.
16     Without waiving any of the same objections, Plaintiff Palmer responds as follows:
17 AR15 blanks, polymer handgun blanks, AR10 blanks, 1911 unfinished receivers, and
18 AR15 polymer/plastic lowers, which I lawfully obtained prior to the enactment of AB
19 286.
20 **INTERROGATORY NO. 6:**
21     Please identify, consistent with the Ninth Circuit Order, what other "additional
22 NFOs commonly used in the self-manufacturing of firearms," Complaint, ¶ 87, You wish
23 to acquire.
24 **ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely
25 according to the district court's scheduling order that established a "cut-off" date of
26 March 20, 2024, for all fact discovery. Further, the Complaint and Plaintiff Palmer's
27 declaration in support of Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 6-3)
28 already explain that he "desire[s] to acquire additional NFOs commonly used in the self-

manufacturing of firearms for self-defense and other lawful purposes, including those that fall within the definition of 'unfinished frames or receivers' under Nevada's Ban." Compl. ¶ 87; Dkt. No. ¶ 13. Because Defendants are charged with the responsibility of enforcing the law at issue, Defendants are necessarily charged with the knowledge and understanding of the NFOs that fall within the definition of "unfinished frames or receivers" under Nevada's Ban, such that they have superior, or at least equal, knowledge of and access to the information sought through this interrogatory.

Without waiving any of the same objections, Plaintiff Palmer responds as follows: There are numerous other types of firearms where receivers can now be manufactured at home using equipment that was cost-prohibitive prior to the improvement in technology. The ability to mold plastic and alter designs to accommodate a person's personal size, weight, and ability has created an opportunity to produce a weapon that fits a specific person and no longer requires extensive and high cost moldings to complete. It also allows for the replacement of firearms that are no longer manufactured, where the item needs replacement due to damage, wear, or poor design. I wish to acquire such products for self-defense and other lawful purposes.

**INTERROGATORY NO. 7:**

Please identify, consistent with the Ninth Circuit Order, all other "kind of self-manufacturing" You wish to engage in.

**ANSWER:** Plaintiff Palmer objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Palmer furthers object on the basis that this interrogatory has been asked and answered, because the Complaint, Plaintiff Palmer's declaration in support of Plaintiffs' Motion for Preliminary Injunction, and the answers to the above interrogatories already make clear so as to be adequately responsive to this interrogatory that Plaintiff Palmer wishes to retain the liberty to self-manufacture any and all firearms that he is prohibited from self-manufacturing under AB 286.

Without waiving any of the same objections, Plaintiff Palmer responds as follows: It is not about a cost saving measure or concerns about a firearm being tracked. The opportunity to make something and it to be yours is what matters. Teaching others how to build, assemble, troubleshoot, and operate a firearm for lawful purposes cannot be compared to going and buying a pre-made weapon. Self-manufacturing allows a person to custom make a firearm and allows that person to also fully understand how it functions, thus making that person more knowledgeable about what they possess and how to safely operate it for lawful purposes.

DATED this 15th day of May, 2024

           /s/ David C. O'Mara
David C. O'Mara, Esq. (Bar No. 8599)
Raymond M. DiGuiseppe, Esq.

*Attorneys for Plaintiffs*