*EXHIBIT 3*

*Response to Defendants' First Interrogatories to Plaintiff Chad Moxley*

```
THE O'MARA LAW FIRM, P.C.           THE DIGUISEPPE LAW FIRM, P.C.
DAVID C. OMARA                      RAYMOND M. DiGUISEPPE*
(Nevada Bar No. 8599)               116 N. Howe Street, Suite A
311 East Liberty Street             Southport, NC 28461
Reno, NV 89501                      P: 910-713-8804
P: (775) 323-1321                   E: law.rmd@gmail.com
F: (775) 323-4082                   *Admitted Pro Hac Vice
E: david@omaralaw.net
```

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROGER PALMER; CHAD MOXLEY; and FIREARMS POLICY COALITION, INC, <br><br> Plaintiffs, <br><br> vs. <br><br> STEPHEN SISOLAK, Governor of Nevada; AARON FORD, Attorney General of Nevada; GEORGE TOGLIATTI, Director of the Nevada Department of Public Safety; MINDY MCKAY, Administrator of the Records, Communications, and Compliance, Division of the Nevada, Department of Public Safety; <br><br> Defendants. | Case No.: 3:21-cv-00268-MMD-CSD <br><br><br> **RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF CHAD MOXLEY** |

**INTERROGATORY NO. 1:**

Please provide Your understanding of whether it is possible in Nevada to lawfully add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver, and if so, how and under what circumstances.

**ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Moxley further objects on the ground that this interrogatory calls for a legal conclusion. A layperson opinion about what Nevadans

PAGE 1 OF 7

NEV 0115

may "lawfully" do is also irrelevant and immaterial because Defendants, who are charged with enforcing the challenged provisions of AB 286, themselves have taken the position in their publicly filed documents in this case that, in light of AB 286, the *only* firearms and constituent parts now legal in Nevada are "*pre*-serialized" firearms and unfinished frames and receivers—i.e., those *already* "imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law"—absent narrow exceptions largely unavailable to the average person like Plaintiff Moxley. 9th Cir. Ans. Brf. at 18-19. Similarly, Defendants themselves characterize the effect of the law at issue as permitting ordinary, law-abiding Nevadans to self-manufacture firearms only "as long as they start with a *serialized* receiver." *Id.* at 18-19, & n. 9 (italics added). Ultimately, as Defendants themselves have put it, AB 286 simply "bans unserialized firearms, no matter their provenance," *id.* at 8, while providing no mechanism for ordinary, law-abiding citizens Nevadans to comply with background-check and recordkeeping requirements as a condition to lawfully self-manufacturing a firearm or as a condition to keeping one lawfully self-manufactured under the prior law, *id.* at 18-19.

Without waiving any of the same objections, Plaintiff Moxley responds as follows: My understanding is that it is not possible for ordinary, law-abiding Nevadans to lawfully add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver, and thus I believe there are no circumstances under which such a person may lawfully do so.

**INTERROGATORY NO. 2:**

Have You ever attempted to add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver? If so, please identify when, where, and how such attempt was made and if such attempt was successful.

**ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Moxley further objects that this interrogatory is compound. Plaintiff Moxley further objects that this interrogatory seeks

information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record.

Without waiving any of the same objections, Plaintiff Moxley responds as follows:

Prior to the enactment of AB 286, I serialized various self-manufactured firearms and unfinished frame and/or receivers that I personally finished. I did so through the following method: Upon completion of the firearm, I utilized the general format provided by the ATF under 27CFR part 479.102, using a personal identifier such as my first initial and last name followed by last 4 digits of my social security number and then a number starting at 001 to establish a sequence for the self-manufactured firearms. For example:

CMOXLEY 0977-00X

City and state of manufacture

Model # xxxx

Caliber XXX

The serialization was completed with a fiber optic laser using the correct font size and depth required by the ATF. I did not do this so I could sell the firearm and/or receiver. I did this so I could keep a record of the firearm as my personal property and provide the information to law enforcement if it was ever lost or stolen in the hopes of having it returned to me. Since the enactment of AB 286, I have made no attempts to personally add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver and, as stated in response to Interrogatory No. 1, my understanding is that it is not possible for ordinary, law-abiding Nevadans to lawfully do so after the enactment of AB 286.

**INTERROGATORY NO. 3:**

Please provide Your understanding of whether it is possible in Nevada to lawfully obtain serialized self-manufacturing and/or self-assembly firearm kits, and if so, how and under what circumstances.

**ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of

1  March 20, 2024, for all fact discovery. Plaintiff Moxley further objects on the ground that
2  this interrogatory calls for a legal conclusion. The layperson opinion about what
3  Nevadans may "lawfully" do is also irrelevant and immaterial because Defendants, who
4  are charged with enforcing the challenged provisions of AB 286, themselves have taken
5  the position in their publicly filed documents in this case that, in light of AB 286, the *only*
6  firearms and constituent parts now legal in Nevada are "*pre*-serialized" firearms and
7  unfinished frames and receivers—i.e., those *already* "imprinted with a serial number
8  issued by a firearms importer or manufacturer in accordance with federal law"—absent
9  narrow exceptions largely unavailable to the average person like Plaintiff Moxley. 9th
10 Cir. Ans. Brf. at 18-19. Similarly, Defendants themselves characterize the effect of the
11 law at issue as permitting ordinary, law-abiding Nevadans to self-manufacture firearms
12 only "as long as they start with a *serialized* receiver." *Id.* at 18-19, & n. 9 (italics added).
13 Ultimately, as Defendants themselves have put it, AB 286 simply "bans unserialized
14 firearms, no matter their provenance," *id.* at 8, while providing no mechanism for
15 ordinary, law-abiding citizens Nevadans to comply with background-check and
16 recordkeeping requirements as a condition to lawfully self-manufacturing a firearm or as
17 a condition to keeping one lawfully self-manufactured under the prior law, *id.* at 18-19.
18         Without waiving any of the same objections, Plaintiff Moxley responds as follows:
19 My understanding is that it is not possible for ordinary, law-abiding Nevadans to lawfully
20 obtain serialized self-manufacturing and/or self-assembly firearm kits, and thus I believe
21 there are no circumstances under which such a person may lawfully do so.
22 **INTERROGATORY NO. 4**:
23     Have You ever attempted to obtain serialized self-manufacturing and/or self-
24 assembly firearm kits? If so, please identify when, where, and how such attempt was
25 made and if such attempt was successful.
26 **ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely
27 according to the district court's scheduling order that established a "cut-off" date of
28 March 20, 2024, for all fact discovery. Plaintiff Moxley further objects that this

interrogatory is compound. Plaintiff Moxley further objects that this interrogatory seeks information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record.

Without waiving any of the same objections, Plaintiff Moxley responds as follows: No.

**INTERROGATORY NO. 5:**

Please identify, consistent with the Ninth Circuit Order, the "unserialized firearm component parts and other NFOS," Complaint, ¶ 99, You wish to make available for sale.

**ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Moxley further objects that this interrogatory seeks information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record. Further, the Complaint and Plaintiff Moxley's declaration in support of Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 6-2) already explain that Plaintiff Moxley "desire[s] to continue making available for sale and would make available for sale to ordinary law-abiding citizens the unserialized firearms component parts and other NFOs targeted by Nevada's Ban, but [he is] now prohibited from doing so under Section 3.5's ban against any such sales or transfers." Compl. ¶ 99; Dkt. No. 6-2 ¶ 9. Because Defendants are charged with the responsibility of enforcing the law at issue, Defendants are necessarily charged with the knowledge and understanding of all "the unserialized firearms component parts and other NFOs targeted by Nevada's Ban" such that they have superior, or at least equal, knowledge of and access to the information sought through this interrogatory.

Without waiving any of the same objections, Plaintiff Moxley responds as follows: Prior to the enactment of AB 286, I sold AR type unfinished lower receivers and unfinished pistol frames (Polymer 80 and similar type) that allowed individuals to complete and self-manufacture their own firearms. This type of unfinished receiver

requires the purchaser to machine with tools and a fixture (skillfully remove material from) the fire control pocket before it can be assembled into a firearm. I would like these to be available again for purchase and sales as well as other unfinished frames and or receivers.

**INTERROGATORY NO. 6:**

Please identify, consistent with the Ninth Circuit Order, what "additional operable firearms for self-defense and other lawful purposes," Complaint, ¶ 105, You wish to self-manufacture.

**ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Further, the Complaint and Plaintiff Moxley's declaration in support of Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 6-2) already explain that Plaintiff Moxley desires to self-manufacture for self-defense and other lawful purposes additional firearms that he is prohibited from self-manufacturing under section 4 of AB 286. Comp. ¶ 105; Dkt. No. 6-2 ¶ 15. Because Defendants are charged with the responsibility of enforcing the law at issue, Defendants are necessarily charged with the knowledge and understanding of all firearms that ordinary, law-abiding citizens are prohibited from self-manufacturing under section 4 of AB 286, such that they have superior, or at least equal, knowledge of and access to the information sought through this interrogatory.

Without waiving any of the same objections, Plaintiff Moxley responds as follows: As I answered previously, I enjoy the hobby of self-manufacturing personal firearms that may be utilized for self-defense or other lawful recreational activities. I enjoy the recreational shooting of rifles, pistols, and shotguns and would like to continue my hobby with these types of self-manufactured firearms—mainly rifles and pistols. I have no intention of self-manufacturing firearms for sale to others.

**INTERROGATORY NO. 7:**

Please identify, consistent with the Ninth Circuit Order, all other "kind of self-manufacturing" You wish to engage in.

**ANSWER:** Plaintiff Moxley objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff Moxley furthers object on the basis that this interrogatory has been asked and answered, because the Complaint, Plaintiff Moxley's declaration in support of Plaintiffs' Motion for Preliminary Injunction, and the answers to the above interrogatories already make clear so as to be adequately responsive to this interrogatory that Plaintiff Moxley wishes to retain the liberty to self-manufacture any and all firearms that he is prohibited from self-manufacturing under AB 286.

Without waiving any of the same objections, Plaintiff Moxley responds as follows: I enjoy the hobby of self-manufacturing personal firearms that may be utilized for self-defense or other lawful recreational activities. I enjoy the recreational shooting of rifles, pistols, and shotguns and would like to continue my hobby with these types of self-manufactured firearms.

DATED this 15th day of May, 2024

    /s/ David C. O'Mara
David C. O'Mara , Esq. (Bar No. 8599)
Raymond M. DiGuiseppe, Esq.
*Attorneys for Plaintiffs*