# *EXHIBIT 4*

# *Response to Defendants' First Interrogatories to Plaintiff Firearms Policy Coalition, Inc.*

THE O'MARA LAW FIRM, P.C.
DAVID C. OMARA
(Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
P: (775) 323-1321
F: (775) 323-4082
E: david@omaralaw.net

THE DIGUISEPPE LAW FIRM, P.C.
RAYMOND M. DiGUISEPPE*
116 N. Howe Street, Suite A
Southport, NC 28461
P: 910-713-8804
E: law.rmd@gmail.com
**Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROGER PALMER; CHAD MOXLEY; and FIREARMS POLICY COALITION, INC,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN SISOLAK, Governor of Nevada; AARON FORD, Attorney General of Nevada; GEORGE TOGLIATTI, Director of the Nevada Department of Public Safety; MINDY MCKAY, Administrator of the Records, Communications, and Compliance, Division of the Nevada, Department of Public Safety;<br><br>Defendants. | Case No.: 3:21-cv-00268-MMD-CSD<br><br>**RESPONSE TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF FIREARMS POLICY COALITION, INC.** |

**INTERROGATORY NO. 1:**

Please provide Your understanding of whether it is possible in Nevada to lawfully add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver, and if so, how and under what circumstances.

**ANSWER:** Plaintiff FPC objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff FPC further objects on the ground that

this interrogatory calls for a legal conclusion. A layperson opinion about what Nevadans may "lawfully" do is also irrelevant and immaterial because Defendants, who are charged with enforcing the challenged provisions of AB 286, themselves have taken the position in their publicly filed documents in this case that, in light of AB 286, the *only* firearms and constituent parts now legal in Nevada are "*pre*-serialized" firearms and unfinished frames and receivers—i.e., those *already* "imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law"—absent narrow exceptions largely unavailable to the average person like Plaintiff FPC's Nevada-resident members. 9th Cir. Ans. Brf. at 18-19. Similarly, Defendants themselves characterize the effect of the law at issue as permitting ordinary, law-abiding Nevadans to self-manufacture firearms only "as long as they start with a *serialized* receiver." *Id.* at 18-19, & n. 9 (italics added). Ultimately, as Defendants themselves have put it, AB 286 simply "bans unserialized firearms, no matter their provenance," *id.* at 8, while providing no mechanism for ordinary, law-abiding citizens Nevadans to comply with background-check and recordkeeping requirements as a condition to lawfully self-manufacturing a firearm or as a condition to keeping one lawfully self-manufactured under the prior law, *id.* at 18-19.

Without waiving any of the same objections, Plaintiff FPC responds as follows: It is FPC's understanding that Defendants' enforcement of Nevada's Ban "[c]ompletely prohibit[s] a person from possessing, purchasing, transporting, or receiving [Non-Firearm Objects] that some use to machine, print, or otherwise self-manufacture firearms (Sec. 3); [c]ompletely prohibit[s] a person from selling, offering to sell, or transferring [Non-Firearm Objects] (Sec. 3.5); [c]ompletely prohibit[s] a person from manufacturing, causing to be manufactured, assembling, or causing to be assembled a firearm that is not imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law (Sec. 4); [c]ompletely prohibit[s] a person from possessing, selling, offering to sell, transferring, purchasing, transporting, or receiving a firearm that is not imprinted with a serial number issued by a firearms importer or manufacturer in

accordance with federal law (Sec. 5); and, [e]stablish[es] an expansive, inherently vague definition of an [u]finished frame or receiver, encompassing virtually all conceivable forms and types of [Non-Firearm Objects] and non-firearm predecessor materials." Complaint ¶ 3.

It is FPC's understanding that Defendants' enforcement of Nevada's Ban "completely and categorically prohibits individuals not prohibited from exercising their Second Amendment rights from possessing, acquiring, and self-manufacturing firearms that are of types, functions, and designs, and are themselves, commonly owned and possessed firearms—self-made firearms that do not bear a manufacturer's serial number—by law-abiding citizens for lawful purposes." Complaint ¶ 4.

It is FPC's understanding that because of Defendants' enforcement of Nevada's Ban, effective January 1, 2022, it was a crime for anyone in Nevada to "possess, sell, offer to sell, transfer, purchase, transport or receive a firearm that is not imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law and any regulations adopted thereunder," unless (1) the person is a law enforcement agency or a firearms importer or manufacturer, or (2) the firearm has been rendered permanently inoperable, was manufactured before 1969, is an antique firearm, or has been determined to be a collector's item pursuant to 26 U.S.C. Chapter 53 or a curio or relic pursuant to 18 U.S.C. Chapter 44. AB 286, § 5(1)(b)-(b); *id.* at §10(2) (establishing an effective date of January 1, 2022); *id.* at §5.5 (providing the sales exception for purposes of complying with the mandated dispossession of such frames and receivers by January 1, 2022)." Complaint ¶ 19.

It is FPC's understanding that, because of Defendants' enforcement of Nevada's Ban, a typical, law-abiding person may not lawfully add a serial number to a self-manufactured unserialized firearm and/or "unfinished frame or receiver" in Nevada.

**INTERROGATORY NO. 2:**

Have You ever attempted to add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver? If so, please identify when, where, and how such attempt was made and if such attempt was successful.

**ANSWER:** Plaintiff FPC objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff FPC further objects that this interrogatory is compound. Plaintiff FPC further objects that this interrogatory seeks information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record.

Without waiving any of the same objections, Plaintiff FPC responds as follows: No. Moreover, with respect to property possessed in Nevada, it would have been a futile act. See FPC's response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Please provide Your understanding of whether it is possible in Nevada to lawfully obtain serialized self-manufacturing and/or self-assembly firearm kits, and if so, how and under what circumstances.

**ANSWER:** Plaintiff FPC objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff FPC further objects on the ground that this interrogatory calls for a legal conclusion. A layperson opinion about what Nevadans may "lawfully" do is also irrelevant and immaterial because Defendants, who are charged with enforcing the challenged provisions of AB 286, themselves have taken the position in their publicly filed documents in this case that, in light of AB 286, the *only* firearms and constituent parts now legal in Nevada are "*pre*-serialized" firearms and unfinished frames and receivers—i.e., those *already* "imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law"—absent narrow exceptions largely unavailable to the average person like Plaintiff FPC's Nevada-resident

members. 9th Cir. Ans. Brf. at 18-19. Similarly, Defendants themselves characterize the effect of the law at issue as permitting ordinary, law-abiding Nevadans to self-manufacture firearms only "as long as they start with a *serialized* receiver." *Id.* at 18-19, & n. 9 (italics added). Ultimately, as Defendants themselves have put it, AB 286 simply "bans unserialized firearms, no matter their provenance," *id.* at 8, while providing no mechanism for ordinary, law-abiding citizens Nevadans to comply with background-check and recordkeeping requirements as a condition to lawfully self-manufacturing a firearm or as a condition to keeping one lawfully self-manufactured under the prior law, *id.* at 18-19.

Without waiving any of the same objections, Plaintiff FPC responds as follows: See FPC's response to Interrogatory No. 1.

**INTERROGATORY NO. 4**:

Have You ever attempted to obtain serialized self-manufacturing and/or self-assembly firearm kits? If so, please identify when, where, and how such attempt was made and if such attempt was successful.

**ANSWER:** Plaintiff FPC objects on the basis that this interrogatory is untimely according to the district court's scheduling order that established a "cut-off" date of March 20, 2024, for all fact discovery. Plaintiff FPC further objects that this interrogatory is compound. Plaintiff FPC further objects that this interrogatory seeks information beyond the scope of the information as to which the Ninth Circuit has remanded the case for purposes of developing a historical and factual record.

Without waiving any of the same objections, Plaintiff FPC responds as follows: See FPC's response to Interrogatory No. 1.

DATED this 15th day of May, 2024

/s/ David C. O'Mara

David C. O'Mara, Esq. (Bar No. 8599)
Raymond M. DiGuiseppe, Esq.
*Attorneys for Plaintiffs*